No. 104 February 12, 2025 825

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA ERIC RYMER,
*Defendant-Appellant.*

Douglas County Circuit Court
22CR47879, 20CR53588; A181636 (Control), A181637

Ann Marie Simmons, Judge.

Robert B. Johnson, Judge.  (Judgment May 5, 2023)

Submitted December 19, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Powers, Presiding Judge, Pagán, Judge, and Armstrong, Senior Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Defendant appeals from a judgment revoking his probation and a judgment of conviction. Following a denial of defendant's motion to suppress, defendant's probation was revoked in Case No. 20CR53588 for possession of prohibited items (a probation violation) and defendant executed a conditional guilty plea to one count of unlawful possession of cocaine in Case No. 22CR47879, reserving his right to appeal the trial court's denial of his motion to suppress. Defendant argues, as he did below, that his probation officer did not have reasonable grounds to ask for consent to search, and that his consent to search was not voluntary. We affirm.

We review the denial of a motion to suppress for legal error. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). We are bound by the trial court's findings of historical fact if they are supported by the evidence in the record. *Id.* If the trial court did not make explicit findings, we presume that the facts were found in a manner consistent with the court's ultimate conclusion. *Id.* We state the relevant facts in accordance with that standard but we do not provide an in-depth recitation for this nonprecedential memorandum opinion.

As a condition of defendant's probation for a prior conviction, he was required to consent to a search of his home upon request, if his supervising officer has "reasonable grounds to believe that evidence of a violation will be found." ORS 137.540(1)(g). The "reasonable grounds" standard is less stringent than the "probable cause" needed to justify a search or seizure by government officers, but more stringent than the "reasonable suspicion" needed to justify a temporary investigative detention. *State v. Gulley*, 324 Or 57, 65-66, 921 P2d 396 (1996). "'[R]easonable grounds' means a quantum of evidence, less than probable cause, that produces a belief in the probation officer, which belief is reasonable in the circumstances, that the probationer has violated a condition of probation and that a search will produce evidence of that violation." *Id.*

During a walk-through of defendant's residence, defendant's supervising officer and the two officers that

accompanied her observed two separate probation violations in different parts of the house: the presence of alcohol and a knife. The supervising officer testified that as a result of those observations, she believed that a search would lead to evidence of additional probation violations. That belief was objectively reasonable under the circumstances. *See id.* at 67 (applying the standard). In light of that evidence, the trial court's determination that defendant's supervising officer had reasonable grounds to request consent to search was not erroneous.

A probationer nevertheless retains a constitutional right to refuse consent to search, even when such a refusal would constitute a probation violation. *See State v. Davis*, 133 Or App 467, 473, 891 P2d 1373 *rev den* 321 Or 429 (1995) (explaining that the probation condition requiring a probationer to submit to a search "does not constitute a self-executing, prospective consent by the probationer to a general warrantless search" but represents an agreement by the probationer to submit to reasonable searches by a probation officer, where refusal could provide grounds for revocation of the probation). As such, a probationer's consent to a search must be voluntary and the probationer must be given a reasonable opportunity to refuse to allow a search. *Id.* at 474; *see State v. Tennant,* 310 Or App 70, 75, 483 P3d 1226 (2021) (setting out factors relevant to consent determination in the totality of the circumstances, including whether those circumstances give the impression that a search is inevitable, and the language and tone used by the officer making the request).

The evidence in the record supports the trial court's determination that defendant's consent to search was voluntary. The trial court credited the probation officers' testimony but not defendant's or his witnesses. The probation officers described cordial and relaxed interactions with defendant that, apart from the presence of the officers in uniform, did not involve the display of force. The walk-though proceeded from the living room and the kitchen into defendant's bedroom. As the probation violations were discovered, the supervising officer communicated about them with defendant and did not threaten to arrest him for those

violations. She testified that she took into consideration the presence of defendant's small child and defendant's need to take care of him, such that defendant was able to move around the house while the officers were present. At the time the supervising officer asked defendant for consent to search, the two of them were in the bedroom, while the two other officers stood outside the room at a distance. She testified that she explained to defendant that she had reason to believe additional probation violations would be found and was requesting his consent to search the house. Defendant quickly answered "yes." The trial court found that, under those circumstances, the officer's conduct and request to search was not coercive and that defendant's consent to search was voluntary. In light of the credibility determinations made by the trial court and the factual record before us, that conclusion was not erroneous. *Cf. Tennant,* 310 Or App at 77-78 (state did not meet its burden to prove consent was voluntary when it offered only the defendant's agreement to probation officer's request after the officer, who was operating under mistaken belief that the defendant's probationary status required him to consent to a search, followed the defendant into his bedroom, and while another probation officer was questioning the defendant's girlfriend).

Affirmed.